CIRCUIT COURT FOR MULTNOMAH COUNTY, FEBRUARY TERM, 1870.

## M. LANNAHAN *v.* MULTNOMAH COUNTY.

WITNESS FEES.—The provision of statute that requires a witness in a criminal case to claim his fees at the same term at which the witness attended, does not deprive the witness of a constitutional right; it only points out the remedy the witness is to pursue.

THE plaintiff was required to, and did, enter into an undertaking, that he would appear as a witness in the case of the *State* v. *Hayden*, that defendant being charged with murder. The plaintiff alleges that he attended this court thirteen days at the June term thereof, and eighteen days at the following term, and that he necessarily lost, in all, one hundred and five days of time in obeying the order of this court in that behalf; that his place of business was so remote that he could not return to it during the interval between the said terms; that the said county had paid $26, and refused to pay more.

*A. C. Gibbs*, District Attorney, for the defendant, demurred to the complaint on the ground that it does not state that the plaintiff claimed his fees at the term at which the witness attended, in pursuance of s. 20 of the act concerning fees.

*Lansing Stout*, for the plaintiff. The constitution, art. 1, sec. 18, provides, "Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation."

BY THE COURT. UPTON, J. If the plaintiff did claim his fees at the term, I am not certain that it is one of the facts he is required to state in his complaint. If the point is material, the defendant can set it up in the answer, or possibly it may be sufficient to raise it upon the trial, by objection to the introduction or to the sufficiency of the evidence. I deem it a safer course to overrule the demurrer.

The defendant answered, that at the first term mentioned, the defendant claimed for thirteen days' attendance,

and the claim was allowed by the county court and paid, and that no other claim had been made by the plaintiff at any term of this court. No replication was filed, and the plaintiff and defendant each moved for judgment on the pleadings.

*Judge Stout,* for the plaintiff. The provision of sec. 20, p. 740 of the code, that "the *per diem* of a witness in a criminal action shall be claimed" at the term, must receive a construction consistent with its constitutionality. The legislature cannot deprive a witness of his compensation, and the provision must be directory only, or it conflicts with the constitution. The judgment should be for the plaintiff, not only for the eighteen days of the second term, but for ninety-two days, at two dollars per day. While a witness is in custody he is, in contemplation of the law, in attendance upon court. If he has given the required undertaking and yet has been unavoidably compelled to lose time, he is equally entitled.

*By the Court.* The provision of the act in relation to fees does not conflict with the constitution by depriving a witness of compensation. It does not relate to the right, but to the remedy. It is the right and the duty of the legislature to provide the means by which the witness shall obtain compensation. In requiring him to make his claim in a given manner and within a given time, the legislature has acted within its powers, and if the witness fails to pursue the remedy, he is the only party in fault. The statutory provision does not deprive the witness of the constitutional right to compensation; it only points out the remedy the witness is to pursue.

The judgment should be for the defendant.